Yeager v. Adkins
250 Va. 1 (1995)

_____

**VIRGINIA:**

    In the Supreme Court of Virginia held at the Supreme court Building in the City of Richmond, on Friday, the 9th day of June, 1995.


Leonard Jewell Yeager,                                    Appellant,

 against       Record No. 941437
                Circuit Court No. L1373

Stephen Andrew Adkins,                                  Appellee.


        Upon an appeal from a judgment rendered by the Circuit Court of Madison County on the 20th day of May, 1994.


    Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is no error in the judgment appealed from.

    Appellant, Leonard Jewell Yeager, filed this action against appellee, Stephen Andrew Adkins, seeking to recover damages for personal injuries Yeager sustained in an automobile accident. Adkins, the driver of the only car involved in the accident, was arrested and charged with reckless driving. Code § 46.2-852. Adkins signed a summons stating in relevant part: "I promise to appear in accordance with this Summons. . . . SIGNING THIS NOTICE DOES NOT CONSTITUTE AN ADMISSION OF GUILT." He did not post a cash bond as security for his appearance.

    Adkins failed to appear in general district court, was convicted of reckless driving, and subsequently paid a fine and court costs. Yeager unsuccessfully sought to present evidence of this conviction in the trial of his tort action against Adkins.

Yeager, relying upon Code § 8.01-418, argues that Adkins' failure to appear in the general district court proceedings and his subsequent payment of a fine constituted a forfeiture and, thus, evidence of the judgment of the general district court is admissible. Code § 8.01-418 states:

> Whenever, in any civil action, it is contended that any party thereto pled guilty or nolo contendere or suffered a forfeiture in a prosecution for a criminal offense or traffic infraction which arose out of the same occurrence upon which the civil action is based, evidence of said plea or forfeiture as shown by the records of the criminal court shall be admissible. Where the records of the court in which such prosecution was had are silent or ambiguous as to whether or not such plea was made or forfeiture occurred the court hearing the civil case shall admit such evidence on the question of such plea or forfeiture as may be relevant, and the question of whether such plea was made or forfeiture suffered shall be a question for the court to determine.

We hold that the trial court did not err by refusing to admit evidence of the judgment of the general district court. The mere failure to appear in general district court to contest a traffic offense and the subsequent payment of a fine and costs do not constitute a forfeiture within the meaning of Code § 8.01-418.

Accordingly, the judgment of the trial court is affirmed. The appellee shall recover thirty dollars damages from the appellant.

A copy of this order shall be certified to the circuit court. This order shall be published in the Virginia Reports.

A Copy,

Teste:

David B. Beach, Clerk